UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM SAMPH and CHRISTOPHER
LITTRELL, on their behalf and on behalf of
those similarly situated,

      Plaintiffs,

v.                                      Case No:  2:14-cv-732-FtM-29DNF

MORGAN ONE STEEL, INC., a Florida
profit corporation, MORGAN ONE STEEL,
LLC, a Florida limited liability company,
and SCOTT J. MORGAN, individually,

      Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause is before the Court on the parties' Joint Motion to Approve Settlement

Agreement and Stipulation for Dismissal with Prejudice (Doc. 18) filed on June 11, 2015.  The

parties are requesting that the Court approve their settlement of the plaintiffs' Fair Labor

Standards Act ("FLSA") claims.  For the reasons explained below, the Court recommends that

the parties' motion be **GRANTED**.

      To approve the settlement, the Court must determine whether the settlement is a "fair and

reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor

Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th

Cir. 1982), and 29 U.S.C. §216.  There are two ways for a claim under the FLSA to be settled or

compromised.  *Id*. at 1352-3.  The first is under 29 U.S.C. § 216(c), providing for the Secretary

of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second

is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to

recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiffs allege that they worked as non-exempt employees for Defendants' structural steel erection company. (Doc. 1 p. 4-3). The parties have agreed to settle this matter. Under the settlement agreement, plaintiff William Samph will receive $5,800.00 and plaintiff Christopher Littrell will receive $2,400.00 in consideration for their respective claims for alleged back wages compensation and liquidated damages. (Doc. 18 p. 2; Doc. 18-1 p. 1-2). Plaintiff's counsel will receive $4,800.00 as compensation for its fees and costs. (Doc. 18 p. 2; Doc. 18-1 p. 2). The parties aver that the amount of attorneys' fees was negotiated apart from, and subsequent to, agreement on the amount of settlement funds to be paid to the plaintiffs. The Court finds the parties' Settlement Agreement (Doc. 18-1) to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMEDED:**

That the parties' Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 18) be **GRANTED** and the Settlement Agreement (Doc. 18-1)

be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends the Clerk be directed to dismiss this action with prejudice and close the file if the District Court adopts this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** in Chambers in Ft. Myers, Florida on June 15, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties